## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : |
| | : Case No.: 25-12863 |
| **Lauren W Smith** | : Chapter 13 |
| | : Judge Ashely M. Chan |
| Debtor(s) | : * * * * * * * * * * * * * * * * * |
| | : |
| **JPMorgan Chase Bank, N.A.** | : Date and Time of Hearing |
| Movant, | : October 7, 2025 at 11:00 a.m. |
| vs | : |
| | : Place of Hearing |
| **Lauren W Smith** | : U.S. Bankruptcy Court |
| **Yvonne Banks** | : 900 Market Street, Suite 400, Courtroom #4 |
| **Kenneth E. West** | : Philadelphia, PA, 19107 |
| Respondents. | : |
| | Related Document # 11 |

### STIPULATION OF MOVANT JPMORGAN CHASE BANK, N.A. RESOLVING MOTION FOR RELIEF FROM STAY AND CO-DEBTOR STAY (DOCKET NUMBER 11) AS TO 2022 BMW 8 SERIES BEARING THE VEHICLE IDENTIFICATION NUMBER ("VIN") WBAGV4C01NCH75724 (DOCKET # 11)

This matter having come before the Court on the Motion for Relief from Stay and Co-Debtor Stay which was filed in this court by JPMorgan Chase Bank, N.A. ("Movant") as Docket Number 11, and the opposition of Lauren W Smith ("Debtor") thereto; and it appearing to the Court that the parties have agreed to a course of action which will permit the continuation of the automatic stay conditioned upon certain provisions incorporated herein for the protection of Movant. Parties stipulate to the following and request a Court Order approving same.

1. The Parties agree that the Chapter 13 Plan filed herein on behalf of the Debtor provided that said Debtor was to make regular monthly payments to Movant outside of the Plan in a regular monthly fashion.

2. The Parties agree that in breach of the terms of said Plan, the Debtor failed to make certain of the regular monthly payments to Movant; said payments are currently in default for the months of July 2025 and subsequent months, incurring a total post-petition arrearage of $4,198.29 as of September 20, 2025, which consists of 3 post-petition payments at $1,399.43 each.

3. Debtor shall submit ongoing monthly payments directly to the Movant starting with the October 20, 2025 post-petition payment and continue to make timely post-petition payments directly to Movant in a regular monthly fashion.

4. Debtor shall file an amended Chapter 13 Plan wherein the post-petition arrearage for the months of July 2025 through September 2025 is included in the Plan. Debtor shall file the Amended Chapter 13 Plan within thirty (30) days of the Court Order approving this stipulation.

5. Movant is permitted to file a Supplemental Proof of Claim in the amount of $4,198.29 representing the total post-petition delinquency. The Supplemental Proof of Claim shall be paid as a secured claim through the Chapter 13 Plan.

6. Payments shall be sent to:

    JPMorgan Chase Bank, N.A.
    National Bankruptcy Department
    700 Kansas Lane, LA4-6310
    Monroe LA 71203

7. The following are events of default under this Stipulation:

    a. Debtor's failure to file an Amended Chapter 13 Plan within 30 days of the Court Order approving this stipulation;

    b. Debtor's failure to remit any two (2) post-petition monthly payments;

8. In the event of a Default, Movant shall send a Notice specifying the Default, to Debtor and Debtor's counsel ("Notice"), allowing Debtor ten (10) days to cure the Default ("Cure Opportunity"). If the Default is not cured, Movant shall file a Certification of Default with the Court. The automatic stay shall be terminated as to Movant, its principals, agents, successors and/or assigns as to the subject property upon the Court's entry of an Order granting Movant's Certification of Default.

9. Upon dismissal, discharge, chapter conversion, or relief from stay, the foregoing terms and conditions shall cease to be binding, payments will be due pursuant to the terms of the original loan agreement and Creditor may proceed to enforce its remedies under applicable non-bankruptcy law against the Property and/or against the Debtor.

10. This Stipulation remains in full force and effect in the event Debtor's case is dismissed by the Court and Debtor subsequently reinstates their case by order of the Court and/or the Movant obtains relief from stay and the stay is subsequently reinstated by order of the Court.

11. If this bankruptcy proceeding is converted to Chapter 7, dismissed or discharged, this Order shall be terminated and have no further force or effect.

###

MDK LEGAL

Dated: 10/02/2025

BY: /s/ Adam B. Hall
Adam B. Hall (323867)
MDK Legal

P.O. Box 165028
Columbus, OH  43216-5028
614-220-5611; Fax 614-627-8181
Email: ABHall@mdklegal.com
Attorney for Creditor

Dated:  10/02/2025

BY: /s/Brad J. Sadek (via email consent)
BRAD J. SADEK
1500 JFK Boulevard
Ste 220
Philadelphia, PA 19102
Email:  brad@sadeklaw.com
Attorney for Debtor

I do not object to the foregoing Stipulation


 /s/ Jack K. Miller, Esq.    for
Kenneth E. West
190 N. Independence Mall West
Suite 701
Philadelphia, PA  19106